**ALD-096**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1307
_____

IN RE: JAKE BYLSMA,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1:23-cv-00038)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 6, 2025

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed March 11, 2025)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Jake Bylsma seeks a writ of mandamus relating to a civil rights

case filed in the District Court. Bylsma asks us to disqualify the District Court judge

presiding over his case and to stay all District Court proceedings pending the outcome of

this petition. Because Bylsma has not demonstrated that he is entitled to such relief, we

will deny his petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2023, Bylsma filed a counseled complaint alleging Defendants had violated his First, Fourth, and Fourteenth Amendment rights. After the District Court dismissed his sole claim against Defendant Crist, Bylsma's counsel moved to withdraw. The following day, Bylsma moved to dismiss his counsel and proceed pro se. The District Court granted the counsel's motion and denied Bylsma's motion as moot.

Bylsma then filed a motion to disqualify the District Judge for lack of impartiality under 28 U.S.C. § 455 because he was dissatisfied with the way the District Court had handled the motions and the service of orders. The District Judge declined to recuse herself from the case, finding that Bylsma had not shown that her impartiality could be questioned. Bylsma then filed a motion for reconsideration of the order denying his motion to recuse, arguing again that the District Judge should recuse herself under § 455 because she could not be impartial and also under 28 U.S.C. § 144 because she was biased against him. The District Court denied his motion for reconsideration. Bylsma appealed. While that appeal was pending,[1] Bylsma filed this petition for a writ of mandamus.

To the extent that Bylsma brought his motion to recuse under 28 U.S.C. § 144, we have held that petitioners are precluded from using mandamus "to correct a district judge's failure to disqualify himself or herself for actual bias." In re Sch. Asbestos Litig., 977 F.2d 764, 776 (3d Cir. 1992). To the extent Bylsma brought his motion to recuse

---

[1] We have since entered an order dismissing Bylsma's appeal for lack of jurisdiction as his appeal sought review of a non-final decision in the District Court. See Bylsma v. Masemer, No. 24-3098 (3d Cir. Feb. 10, 2025).

under 28 U.S.C. § 455, "[m]andamus is a proper means for this court to review a district court's refusal to recuse from a case . . . where the judge's impartiality might reasonably be questioned." Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). However, "[t]he writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Labs., 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). We review a judge's refusal to recuse for abuse of discretion. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004).

Bylsma has failed to point to anything in the record showing that the District Judge abused her discretion by failing to recuse. See id. at 301-02 (discussing standard for disqualification). Bylsma complains that the District Court directed him to provide his address even though he had previously done so and treated his affidavit of actual bias as an affidavit in support of his motion for reconsideration. However, those assertions do not rise to the level that a reasonable person would conclude the District Judge's impartiality might reasonably be questioned. Moreover, as to Bylsma's assertion that granting his former counsel's motion to withdraw and then denying his own motion to dismiss his counsel as moot show a lack of impartiality, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

For these reasons, we will deny the mandamus petition.[2]

---

[2] In light of our ruling, we deny Bylsma's request for a stay of the District Court proceedings pending resolution of this petition.

3